## Case No. 16,389.

### UNITED STATES v. STERN.

[5 Blatchf. 512; [1] 6 Int. Rev. Rec. 169.]

Circuit Court, S. D. New York. Nov. 13, 1867.

#### BRIBERY—INTERNAL REVENUE LAWS.

The words, "and shall be thereof convicted," in the 62d section of the internal revenue act of July 13th, 1866 (14 Stat. 168), which makes it an indictable offence to bribe an officer of the United States, are to be treated as surplusage.
[Cited in Edwards v. Denver & R. G. R. Co. (Colo. Sup.) 21 Pac. 1012; Gould v. Wise (Nev.) 3 Pac. 33; Henderson v. Wabash, St. L. & P. Ry. Co., 81 Mo. 608.]

This was a motion in arrest of judgment. The defendant [David Stern] was indicted, under the 62d section of the internal revenue act of July 13th, 1866 (14 Stat. 168), for an attempt to bribe an officer of the United States, and was found guilty by the jury. The motion was founded on the ground that, under the section, as it was drawn, no conviction could be had.

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

Benjamin K. Phelps, Asst. U. S. Dist. Atty.

Abraham J. Dittenhoefer, for defendant.

BENEDICT, District Judge. The phraseology of the section in question is certainly extraordinary. It is as follows: "And be it further enacted, that, if any person or persons shall, directly or indirectly, promise, offer or give, or cause or procure to be promised, offered or given, any money, goods, right in action, bribe, present or reward, * * * * to any officer of the United States, * * * * with intent to influence any such officer or person to commit, or aid and abet in committing, any fraud on the revenue of the United States, or to connive at, or collude in or to allow or permit, or make opportunity for, the commission of any such fraud, and shall be thereof convicted, such person or persons so offering * * * * shall be liable to indictment in any court of the United States having jurisdiction, and shall, upon conviction thereof, be fined not exceeding three times the amount so offered, * * * * and imprisoned not exceeding three years." Such being the act, the point taken is, that it must be held to be inoperative and impossible to be executed, as, by express words, a previous conviction is made necessary before an indictment can be found. Such, indeed, must be the result, if any effect is to be given to the words, "and shall be thereof convicted." It is not a case of the mere transposition of a word or a sentence; nor can any signification be given to the words referred to, which will render them consistent with the rest of the provision. To give them any meaning at all, as they stand, is to render the whole act meaningless; and the question is, whether these words, standing as they do, shall be treated as surplusage and of no effect, or whether, by giving them effect, the whole act shall be rendered void. Without these words, the act is complete; for, it defines an offence, declares it to be the subject of indictment, and provides a punishment on conviction. It is an act which was loudly called for, to prevent, if possible, a crime justly supposed to be of great and alarming frequency. To suppose that congress, while pretending to remedy such an evil, intended to pass an act which, by its own express words, was to be rendered wholly ineffective, under any possible circumstances, is to suppose congress to be capable of deliberate folly, if not of fraud upon the public. I entertain no doubt, that it is the duty of a court to prevent such a result, and, by treating the words in question as surplusage, to carry out the intention of congress, as manifested by the passage of an act on the subject in question, and by the various provisions which are incorporated in the act.

The section must, therefore, be read as

if the words, "and shall be thereof convicted," which are without meaning, as they are used, were not present. This disposes of the question raised on behalf of the prisoner, and judgment must, accordingly, be entered on the verdict.